LEAVY v. SEIDE.

(Supreme Court, Appellate Division, Second Department. February 24, 1911.)

BROKERS ( 86*)—RIGHT TO COMMISSION—EVIDENCE—WEIGHT.

In an action for a broker's commission for obtaining a loan, judgment for defendant *held* against the weight of the evidence.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec. Dig. § 86.*]

Appeal from Municipal Court of New York.

Action by Newman Leavy against Abraham Seide. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

William A. Wight, for appellant.

Herman R. Elias, for respondent.

HIRSCHBERG, J. At the close of the plaintiff's case, the defendant moved to dismiss the complaint for failure of proof. There was no ruling on the motion. The defendant then rested, and renewed the motion. The Municipal Court justice then reserved decision on the motion, and thereafter rendered judgment dismissing the complaint on the merits. Assuming that he could do so on such a motion, the judgment must be reversed, as clearly against the weight of evidence.

The action is to recover for commissions earned by the plaintiff as real estate broker in procuring a loan for the defendant of $5,000 at 5 per cent. on certain real estate. That the plaintiff did procure such a loan from the Lawyers' Title Insurance & Trust Company, which was not accepted by the defendant, is undisputed, and it is also undisputed that this service was rendered on the defendant's employment and for an agreed compensation. The loan was to be for a period of three years, and the only flaw existing or suggested in the plaintiff's testimony arose from the fact that he stated on the trial that it was to be for a period of five years. On his attention being called to the fact, however, he corrected his testimony, and stated distinctly that it was to be for three years. It is not remarkable that a witness, having in mind the sum of $5,000 and the rate of 5 per cent., should have spoken of the period as five years, instead of three; and there is nothing to indicate that the slight error was not genuine, and the correction truthful.

I think justice requires that the case be tried again, and therefore recommend a reversal. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes